IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-298-MHT-JTA |
| | )         (WO) |
| CITY OF MONGTOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of *pro se* Plaintiff, Peter J. Smith, a frequent litigant in this court,[1] to proceed *in forma pauperis*, which the court CONSTRUES as a motion to

---

[1] As of the date of this Order, Smith has filed forty-four cases in this court, the overwhelming majority of which have been dismissed pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or failure to comply with court orders. Though Smith filed his first case in this court in 2006 and has long been a frequent litigant here, a review of his cases reveals that Smith's rate of filing new actions has significantly increased over the last year or so. *See Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; Smith v. City of Montgomery, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP, *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB, *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v.*

file his amended *motion to proceed in forma pauperis* out of time. (Doc. No. 7.) For the reasons set forth below, the court concludes that the motion is due to be denied and that Smith shall show cause why he failed to comply with two previous orders entered in this case and why this case should not be dismissed with prejudice for his failure to comply with the court's orders, for failure to prosecute, and pursuant to the court's inherent authority and responsibility to manage its docket to achieve the just and efficient disposition of the cases before it.

On May 15, 2022, along with his complaint, Smith filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On December 29, 2022, the court found that the motion was unsupported by an affidavit and was "thus incomplete and lack[ed] the necessary information to justify a finding in his favor." (Doc. No. 5 at 1.) The court allowed Smith, who has extensive experience with the proper procedures for filing a motion to proceed *in forma pauperis*, to amend his motion. (*Id.*) Specifically, the court "[ordered] that on or before January 11, 2023, the plaintiff shall file his sworn affidavit or file a

---

*Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

complete, signed and dated application to proceed in this court without the prepayment of fees or costs by submitting Form AO-240" (*Id*.) The court directed the Clerk to provide Smith with a copy of the form.[2] The court advised Smith "to complete each numbered question with a complete answer and warned that failure to do so could [constitute] cause for the motion to be denied." (*Id*. at 2.)

Smith did not comply with the court's instructions and submitted no additional filings before the deadline for amending his motion. Accordingly, on February 6, 2023, the court denied the May 15, 2022 motion to proceed *in forma pauperis* (Doc. No. 2) on grounds that it did not adequately set forth the facts that would entitle Smith to relief. (Doc. No. 6. at 2.) *See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit … without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."); 28 U.S.C.A. § 1915 (West); Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. The motion must … state with particularity the grounds for seeking the order."). The court further ordered that, "**on or before February 21, 2023, Plaintiff shall pay the $402.00 filing fee in full.**" (Doc. No. 6 at 3 (emphasis in original).) In addition, the court specifically advised Smith as follows:

> ***Plaintiff is specifically advised that failure to timely pay the filing fee may constitute grounds for dismissal for failure to prosecute and failure to comply with the court's orders***.

(Doc. No. 6 at 3 (emphasis in original).)

---

[2] The Clerk provided the form to Smith.

3

On March 23, 2023, over two months after the deadline for doing so had passed, and over one month after the deadline to pay the filing fee expired, Smith filed an amended motion for leave to proceed *in forma pauperis*. (Doc. No. 7.)

As previously noted, Smith is a frequent litigant in this court, to say the least, having filed at least forty-four cases here. Smith is thoroughly familiar with the proper procedures for filing motions for leave to proceed *in forma pauperis*, as is evident from the many cases in which he has filed (usually successfully) for leave to proceed *in forma pauperis*. Nevertheless, the court informed him of the deficiency in his motion to proceed *in forma pauperis* and afforded him an opportunity to amend his *in forma pauperis* application. (Doc. No. 5.) Smith had a total of 241 days (including two weeks at the court's direction after the court informed him that his application was deficient) to correct his *in forma pauperis* motion. Only now has he filed an amended motion in what appears to be a belated attempt to comply with the court's December 29, 2022 Order requiring him to file an amended motion to proceed *in forma pauperis* not later than January 11, 2023. Thus, the court will construe his motion as a motion to file his amended motion to proceed *in forma pauperis* out of time. (Doc. No. 7.)

Despite the fact that Smith's motion (Doc. No. 7) was filed approximately two and one half months after the January 11, 2023 deadline for filing an amended *in forma pauperis* application, Smith supplies no information explaining why he failed to comply with that deadline. He shows no good cause, much less excusable neglect, for that failure. Yet, he knows that he is required to comply with the court's orders, as is evident from the many orders entered in many cases warning him of that fact, several cases he has filed that

were dismissed for failure to comply with court orders,[3] and the orders entered in this case (Docs. No. 5, 6) warning him of the consequences of failure to comply. *See*, *e.g.*, *Smith v. Jackson Hosp.*, No. 2:21-CV-238-RAH-SMD, 2022 WL 2111839, at *1 (M.D. Ala. May 18, 2022), *report and recommendation adopted*, No. 2:21-CV-238-RAH, 2022 WL 2110424 (M.D. Ala. June 10, 2022) (noting warnings that "**failure to comply**" with the court's orders would "**result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**" (emphasis in original)); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."); *Shivers v. Cellulose*, No. CV 15-0429-WS-M, 2016 WL 7015654, at *1 (S.D. Ala. Nov. 29, 2016)

---

[3] The following list merely provides some examples and is not intended to be an exhaustive list of cases filed by Smith that were dismissed for failure to comply with court orders: *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA (dismissed for failure to comply with court orders and failure to prosecute); *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA (claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) after Smith failed to comply with an order to amend his complaint); *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC (dismissed for failure to state a claim and failure to comply with court orders; the complaint was a shotgun complaint and, after being granted three motions for extension of time, Smith had not complied with the order to amend the complaint); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB (dismissed with prejudice prior to service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)); *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM (dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC (dismissed without prejudice for failure to state a claim and for failure to comply with the court's orders; appeal dismissed for failure to pay the docketing fees).

("Even *pro se* litigants are expected to comply with court orders, deadlines[,] and rules." (collecting cases)).

Moreover, Smith has numerous cases[4] currently pending before this court. If Smith is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be palpable in other cases and matters before the court. Smith cannot simply disregard court orders at his whim.

Accordingly, it is ORDERED as follows:

1. Smith's motion to proceed *in forma pauperis* (Doc. No. 7) is CONSTRUED as a motion to file his amended *motion to proceed in forma pauperis* out of time and the motion is DENIED;

2. **On or before April 14, 2023**, Smith shall SHOW CAUSE (1) why he did not comply with the court's December 29, 2022 Order to file a sworn affidavit (Doc. No. 5) or a completed Form AO-240, (2) why he did not comply with the court's February 6, 2023 Order to pay the filing fee in full; and (3) why this case should not be dismissed with prejudice for his failure to comply with the court's orders, for failure to prosecute, and pursuant to the court's inherent authority and responsibility to manage its docket to achieve the just and efficient disposition of the cases before it.

---

[4] As of the date of this Order, Smith has twenty pending cases in this court.

*Smith is specifically advised that failure to timely comply with the requirement to show cause as required by this Order may constitute grounds for dismissal with or without prejudice for failure to prosecute and for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket.*

*Failure to fully comply with this Order may result in a Recommendation that this action be dismissed with prejudice for failure to prosecute and failure to comply with the court's orders.*

DONE this 4th day of April, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE