IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-298-MHT-JTA |
| ) | (WO) |
| CITY OF MONTGOMERY, ) | |
| ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is frequent *pro se* Plaintiff Peter J. Smith's Application to Proceed Without Prepayment of Fees and Affidavit. (Doc. No. 10.) For the reasons set forth below, it is ORDERED that the motion is DENIED. Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this case be dismissed with prejudice for failure to prosecute and for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket.

**I.  STANDARD OF REVIEW**

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant

to Rule 41(b)[1] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id.* at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178

---

[1] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520. Extreme circumstances justifying dismissal with prejudice "must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citations omitted).

## II. THE COMPLAINT

Plaintiff Peter J. Smith has filed numerous lawsuits against Defendant City of Montgomery, its police officers, and its employees, five of which are currently pending in this court.[3] In this case, Smith asserts claims against the City of Montgomery, Montgomery

---

[3] *See, e.g.*, *Smith v. City of Montgomery, Alabama et al.*, 2:23-cv-00023-ECM-SMD (dismissed without prejudice for failure to prosecute and failure to comply with court orders); *Smith v. City of Montgomery, Alabama, et al.*, Case No. 2:23-cv-00021-RAH-KFP (dismissed without prejudice for failure to comply with orders to pay the filing fee after the motion to proceed *in forma pauperis* was denied); *Smith v. City of Montgomery, Alabama, et al.*, Case No. 2:22-cv-00668-WKW-CWB (dismissed without prejudice for failure to comply with court orders to properly amend the complaint and pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted); *Smith v. City of Montgomery, Alabama, et al.*, Case No. 2:22-cv-00307-WKW-JTA (pending); *Smith v. City of Montgomery, Alabama, et al.*, Case No. 2:22-cv-00298-MHT-JTA (pending); *Smith v. Boyd, et al.*, 2:22-cv-00199-MHT-JTA (after Plaintiff failed to pay the filing fee or timely file a proper motion to proceed *in forma pauperis*, case dismissed with prejudice

3

City Employee Sara Foster, the Juliette Morgan Hampton Memorial Library, Montgomery Mayor Steven L. Reed, Montgomery Police Chief Darryl Albert, and Montgomery City Councilmembers Oronde K. Mitchell, Brantley Lyons, Glen O. Pruitt, Jr., Marche Johnson, Clay Anderson McInnis, Cornelius C.C. Calhoun, Ed Grimes, Charles Jinright, and Audrey Graham.

Smith alleges that, "on a Saturday in April of 2022," Foster brought a large dog to the sliding glass doors of the Morgan Library. (Doc. No. 1 at 1-2.) The dog was not allowed in the library because it was not a service dog. (*Id*. at 2.) Smith contends that Foster brought the dog to the library door specifically just to target him because of his race, age, and gender, and to harass and retaliate against Smith for suing her (Foster, not the dog) on a previous occasion. (*Id*. at 2-3.) Smith states, "I believe that bringing the dog to the library where I was known to frequent was also just another step in creating a hostile library environment for myself in this ongoing conspiracy against me." (Doc. No. 1 at 3.)

Notably, Smith provides no factual allegations to substantiate his bare accusations and belief that Foster's motives were unlawful, retaliatory, or discriminatory. Further,

---

pursuant to FRCP 41(b) for failure to comply with the court's orders, and alternatively, in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket); *Smith v. City of Montgomery, Alabama, et al.*, 2:22-cv-00196-MHT-JTA (pending); *Smith v. City of Montgomery, Alabama et al.*, 2:22-cv-00169-MHT-JTA (pending); *Smith v. City of Montgomery, Alabama,, et al.*, Case No. 2:22-cv-00168-MHT-JTA (pending); *Smith v. The Montgomery Police Department, et al.*, Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 25 (case dismissed pursuant to Rule 41(b) on grounds that Smith "has established a clear record of failing to comply with court orders" and "lesser sanctions than dismissal and numerous accommodations have failed to gain Plaintiff's compliance with court orders and deadlines"); *Smith v. The Montgomery Police Department*, 2:16-cv-00167-WKW-TFM (after Smith failed to comply with multiple court orders instructing him to file a properly amended complaint, dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief cand be granted).

4

Smith does not allege that the dog injured him, only that the dog was brought "to" the sliding glass doors of the library and that the dog was not allowed to enter the library because it was not a service dog. Smith does not provide any factual allegations that any Defendant other than Foster personally had anything to do with the dog's presence at the library door. Smith seeks unspecified compensatory and punitive damages against all Defendants, although he does not allege that the dog's existence in the vicinity of the library door caused him any injury.

### III. DISCUSSION

Peter J. Smith is a frequent *pro se* litigant in this court.[4] In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of

---

[4] As of the date of this Recommendation, Smith has filed forty-seven cases in this court. A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two. *See Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v.*

meritless[5] *in forma pauperis* cases in this court's history. Smith is thoroughly familiar with the proper procedures for filing motions for leave to proceed *in forma pauperis*, as is evident from the many cases in which he has properly filed motions for leave to proceed *in forma pauperis*. He is also cognizant of the necessity of complying with court orders and of the consequences of noncompliance, as is evident from the many orders entered in many cases warning him of that fact, several cases he has filed that were dismissed for failure to comply with court orders,[6] and the orders entered in this case (Docs. No. 5, 6, 8) warning him of the consequences of failure to comply with the court's Orders.

---

*Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

[5] Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. Some were dismissed for other reasons, such as lack of jurisdiction.

[6] The following list merely provides some examples and is not intended to be an exhaustive list of the cases filed by Smith that were dismissed for failure to comply with court orders: *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA (after Smith failed to comply with orders to file a corrected *in forma pauperis* motion and subsequent orders to pay the filing fee, the action was dismissed for failure to comply with the court's orders, and alternatively, in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket); *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA (dismissed for failure to comply with court orders and failure to prosecute); *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA (claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) after Smith failed to comply with an order to amend his complaint); *Smith v. Regions*

On May 15, 2023, Smith filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On December 29, 2022, the undersigned found that the motion was unsupported by an affidavit and was "thus incomplete and lack[ed] the necessary information to justify a finding in his favor." (Doc. No. 5 at 1.) The undersigned allowed Smith to amend his motion. (*Id.*) Specifically, the undersigned "[ordered] that on or before January 11, 2023, the plaintiff shall file his sworn affidavit <u>or</u> file a complete, signed and dated application to proceed in this court without the prepayment of fees or costs by submitting Form AO-240." (*Id.* (emphasis in original).) The undersigned directed the Clerk to provide Smith with a copy of the form.[7] The undersigned advised Smith "to complete each numbered question with a complete answer and warned that failure to do so could [constitute] cause for the motion to be denied." (*Id.*)

---

*Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC (dismissed for failure to state a claim and failure to comply with court orders; the complaint was a shotgun complaint and, after being granted three motions for extension of time, Plaintiff had not complied with the order to amend the complaint); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB (dismissed with prejudice prior to service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)); *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM (dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC (dismissed without prejudice for failure to state a claim and for failure to comply with the court's orders; appeal dismissed for failure to pay the docketing fees).

[7] The Clerk provided the form to Smith.

Again, Smith is a frequent litigant in this court, having filed at least forty-seven cases here (and counting) – most, if not all,[8] *in forma pauperis*. He knows how to correctly file a motion for leave to proceed *in forma pauperis*. He had more than sufficient time (242 days, including fourteen days at the court's direction after being informed that his application was deficient) to correct his *in forma pauperis* motion. Yet, Smith did not correct his motion by the deadline set by the court. Accordingly, on February 6, 2023, the court denied the motion to proceed *in forma pauperis* on grounds that it did not adequately set forth the facts that would entitle Smith to relief. (Doc. No. 6). *See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit … without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."); Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. The motion must … state with particularity the grounds for seeking the order."). The court further ordered that, "on or before February 21, 2023**,** [Smith] shall pay the $402.00 filing fee in full." (Doc. No. 6 at 3 (emphasis omitted).) In addition, the court warned:

> ***Plaintiff is specifically advised that failure to timely pay the filing fee may constitute grounds for dismissal for failure to prosecute and failure to comply with the court's orders.***

(Doc. No. 5 at 3 (emphasis in original).)

---

[8] The undersigned is not aware of any cases Smith has filed without moving for *in forma pauperis* status, but has not expended the judicial resources that would be required to determine if there are any rare exceptions.

8

Plaintiff did not pay the filing fee as instructed. Instead, on March 23, 2023, over two months after the deadline for doing so had passed, and over one month after the deadline to pay the filing fee expired, Smith filed an amended motion for leave to proceed *in forma pauperis*. (Doc. No. 7.) On April 4, 2023, the undersigned construed that motion as a motion to file his *in forma pauperis* motion out of time. (Doc. No. 8.) The undersigned then denied the motion on grounds that, despite numerous warnings of the consequences of failure to comply with court orders, Smith did not comply and he did not show good cause, much less excusable neglect, to justify his failure to comply. (*Id*.) The undersigned further ordered that,

> On or before April 14, 2023, Smith shall SHOW CAUSE (1) why he did not comply with the court's December 29, 2022 Order to file a sworn affidavit (Doc. No. 5) or a completed Form AO-240, (2) why he did not comply with the court's February 6, 2023 Order to pay the filing fee in full; and (3) why this case should not be dismissed with prejudice for his failure to comply with the court's orders, for failure to prosecute, and pursuant to the court's inherent authority and responsibility to manage its docket to achieve the just and efficient disposition of the cases before it.

(*Id*. at 6 (emphasis omitted).)

> The undersigned specifically warned Smith
>
> ***that failure to timely comply with the requirement to show cause as required by this Order may constitute grounds for dismissal with or without prejudice for failure to prosecute and for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket.***
>
> ***Failure to fully comply with this Order may result in a Recommendation that this action be dismissed with prejudice for failure to prosecute and failure to comply with the court's orders.***

(*Id*. at 7 (emphasis in original).)

Instead of complying with the April 4, 2023 Order to show cause, three days after the deadline to do so, on April 17, 2023, Smith filed his Application to Proceed Without Prepayment of Fees and Affidavit. (Doc. No. 10.) Again, as with his March 23, 2023 Motion for Leave to Proceed *in forma pauperis* (Doc. No. 7), Smith makes no mention of why his Application was filed late, no attempt to show good cause or excusable neglect for his failure to comply with the court's orders. Therefore, Smith's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 10) is due to be denied for the same reasons that his March 23, 2023 Motion for Leave to Proceed *in forma pauperis* (Doc. No. 7) was due to be denied.[9]

Smith's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 10) and his failure to comply with the April 4, 2023 Order to show cause mark at least the third time Smith has flagrantly flouted court orders in this case. Smith knows that he is required to comply with the court's orders and has been warned frequently in many, many cases, including multiple times in this case, of the consequences of failure to comply with court orders. *See, e.g.*, *Smith v. Jackson Hosp.*, No. 2:21-CV-238-RAH-SMD, 2022 WL 2111839, at *1 (M.D. Ala. May 18, 2022), *report and recommendation adopted*, No. 2:21-CV-238-RAH, 2022 WL 2110424 (M.D. Ala. June 10, 2022) (noting warnings that "**failure to comply**" with the court's orders would "**result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**" (emphasis in original)); *Shivers v. Cellulose*, No. CV 15-0429-WS-

---

[9] The Order entered April 4, 2023 (Doc. No. 8) explains why the March 23, 2023 Motion for Leave to Proceed in forma pauperis (Doc. No. 7) was denied.

10

M, 2016 WL 7015654, at *1 (S.D. Ala. Nov. 29, 2016) ("Even *pro se* litigants are expected to comply with court orders, deadlines[,] and rules." (collecting cases)).

Smith currently has numerous cases[10] currently pending before this court and is responsible for an increasingly disproportionate share of this district's caseload. If, in his frequent cases, he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court. "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). Smith cannot simply disregard court orders at his whim.

The court has considered the range of sanctions available for enforcement of its orders and finds that no sanction but dismissal will suffice in this case. Smith has engaged in willful delay and a pattern of contumacious disregard of the court's orders. To no avail, the court has already offered Smith many opportunities to comply; further opportunities would be a waste of judicial resources. Smith contends that he is an indigent plaintiff, so it is unlikely the court could extract a monetary penalty from him. In any event, the case cannot proceed without payment of the filing fee. Dismissal is the only feasible sanction.

---

[10] Smith currently has ten cases pending in this court.

Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Smith to escape any consequence for failing to comply with the court's orders by allowing him a chance to refile his Complaint in a new action along with another unmerited opportunity to file an *in forma pauperis* motion. Smith was warned of the consequence of dismissal with prejudice, and, because he is entitled to object to this Recommendation, he will have an opportunity to explain to the District Judge any reason why he feels that his conduct does not merit dismissal with prejudice.

In sum, this case is due to be dismissed with prejudice because lesser sanctions would not suffice. *Cf.*, *e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming a dismissal of a *pro se* litigant's case for failure to comply with court orders and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Wilson v. Sec'y, Fla. Dep't of Corr.*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1667566, at *1 (N.D. Fla. Mar. 17, 2022), *report and recommendation adopted*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1664066 (N.D. Fla. May 25, 2022) (dismissing a complaint for failure to pay the filing fee upon a finding that the plaintiff's failure to comply with orders to do so and noting that "any sanction short of dismissal will not remedy [the plaintiff's] noncompliance"); *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA, Docs. No. 9, 11, 12 (dismissing with prejudice another of Smith's cases under similar circumstances); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) (dismissing with prejudice Smith's complaint against the Montgomery Police Department upon adoption of the magistrate judge's recommendation in which the magistrate judge found

12

that "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)).

Therefore, this action is due to be dismissed with prejudice pursuant to the court's inherent powers to control its docket and enforce compliance with its orders, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

Accordingly, it is

ORDERED that Smith's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 10) is DENIED.

Further, the undersigned RECOMMENDS that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and, alternatively, pursuant to the court's inherent authority to manage its docket and ensure compliance with its Orders.

Further it is ORDERED that the parties shall file any objections to this Recommendation on or before **August 21, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of August, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE